The State, ex rel. McGovern, *v.* Board of Elections of Cuyahoga County et al.

(No. 882127—Decided June 9, 1970.)

Common Pleas Court of Cuyahoga County.

*Messrs. Hennessy, Murray & Waag* and *Mr. James F. Hennessy,* for relator.

*Mr. John T. Corrigan,* prosecuting attorney, and *Mr. John T. Dowling,* for respondents.

Mitchell, J. (sitting by assignment from Jackson County.) The city of Brook Park, Ohio, is a chartered municipality by virtue of Section 7 of Article XVIII of the Ohio Constitution. By an admittedly regularly passed ordinance it was desired to submit to the voters of Brook Park, in the May primary election of 1970, a charter amendment increasing the term of the office of mayor from two to four years, effective at the regular municipal election

in November of 1969. However, the mayor who was elected in the November election, 1969, was elected for a two-year term. The board of elections refused to put the proposed amendment on the ballot because "the board feels the ordinance is illegal because it is retroactive to 1969." Was this action of the board of elections proper?

This case could be decided on the board's action alone because nowhere does the court find in R. C. 3501.11, defining the powers and duties of the board of elections, any power or right to make judicial determinations of the legality or nonlegality of issues to be presented to the people. If in fact the proposed charter amendment was duly passed by council and procedural requirements were met before its submission to the board of elections, the board was duty bound to put it on the ballot for a vote of the people. Aside from any possible constitutional or statutory prohibitions, the people could have approved or disapproved the amendment if they so desired, which, of course, included the time in which it was to take effect.

Inasmuch as the issue of constitutionality was raised by the pleadings however, the court will discuss the contentions of the respondents that the ordinance violated Section 1, Article XVII, the relevant part of which states as follows:

"Elections for state and county officers shall be held on the first Tuesday after the first Monday in November in even numbered years; and all elections for all other elective officers shall be held on the first Tuesday after the first Monday in November in the odd numbered years."

If, for the moment, we assume for the sake of argument, that this provision overrides Section 7, Article XVIII, relating to home rule, which is extremely doubtful, it is obvious that the proposed amendment did not change the date of the municipal election from November in odd numbered years. Four years from 1969 would still be an odd numbered year.

The issue which was not mentioned in the respondents' answer, but which apparently caused the board of elections some problems, was whether the proposed amend-

ment violated Section 28, Article II of the Constitution which in essence states that the General Assembly shall have no power to pass "retroactive laws * * *." Therefore, we should first examine whether or not the proposed charter amendment is retroactive within the meaning and application of Section 28, Article II, and secondly, if so, how the provision is affected by the home rule provisions in Section 7, Article XVIII. Retroactive laws have been defined as those which take away a vested right, or impose a new obligation or duty or disability with respect to transactions already passed. The obvious protection of this constitutional provision was to prevent the impairment of existing contractual obligations or legal rights. How and upon whom, in the instant case, does the proposed amendment violate any existing vested right or impose any additional burden or liability on the incumbent mayor or on a prospective candidate for mayor? It has been held by the learned Court of Appeals of this district that the holding of public office is a privilege, not a vested right. "The people giveth and the people can taketh away."

It must be noted that this case is not analogous to the situation where a legislative body, by statute, attempts to change salaries or terms of office of elected officials in contravention of specific constitutional provisions. The charter of a municipality is its constitution. While Section 7, Article XVIII, must be read *in pari materia* with Section 3, Section 7 was obviously intended to free chartered municipalities from those statutory limitations imposed on ordinary statutory municipalities. Therefore, the type of city officer, their salaries and their terms are purely an administrative municipal matter and the people could and should be given all necessary powers to decide these matters for themselves.

The framers of the Constitution realized, in their wisdom, that local needs vary from community to community and therefore allowed these municipalities by "constitutional amendment" to exercise all powers of local self-government. It can, therefore, first of all, be reasonably concluded that the word "retroactive" is not per se obnoxious

but must be interpreted in the light of its specific application.

It follows that the board of elections erred in not putting the charter amendment on the ballot for a vote by the people of Brook Park. Therefore, the prayer of the petition for such an order will be granted.

*Judgment for relator.*