IN RE CONTESTED ELECTION ON NOVEMBER 7, 1995 CONCERNING
ELECTION OF TOWNSHIP TRUSTEE FOR ELYRIA TOWNSHIP.

[Cite as *In re Contested Election on Nov.
7, 1995* (1996), 76 Ohio St.3d 234.]

(No. 95–2639—Submitted June 25, 1996—Decided August 7, 1996.)

*Phillips & Co., L.P.A.,* and *Gerald W. Phillips,* for appellant.

*Savoy, Bilancini, Flanagan, & Kenneally* and *Jerome J. Savoy,* for appellee.

*Gregory A. White,* Lorain County Prosecuting Attorney, and *Gerald A. Innes,* Assistant Prosecuting Attorney, urging affirmance for *amicus curiae,* Lorain County Board of Elections.

*Per Curiam.* Kayser asserts that the common pleas court erred when it ruled that write-in candidates were permitted under R.C. 3513.041 because R.C. 3513.253 expressly prohibits write-in candidates and provides that the filing of a nominating petition is the exclusive method for the election of township trustees.

As both Hutman and the board note, Kayser does not contend that the common pleas court erred in finding his election contest barred by collateral estoppel. See *Grava v. Parkman Twp.* (1995), 73 Ohio St.3d 379, 653 N.E.2d 226, syllabus ("A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the

subject matter of the previous action."). Instead, Kayser challenges the common pleas court's holding in Kayser's injunction action. However, the common pleas court's judgment in the injunction matter is not before this court.

It is well settled that we will not indulge in advisory opinions. See *N. Canton v. Hutchinson* (1996), 75 Ohio St.3d 112, 114, 661 N.E.2d 1000, 1002, and cases cited therein. In that Kayser attacks a judgment which is not the subject of this appeal, we need not address Kayser's contentions.

Based on the foregoing, the judgment of the common pleas court is affirmed.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and STRATTON, JJ., concur.