This case is before the court on appeal from a decision of the Shaker Heights Municipal Court denying appellant's motion to withdraw his no contest plea. Appellant asserts seven assignments of error:
 I. THE RECORD FAILS TO AFFIRMATIVELY DEMONSTRATE THAT THE APPELLANT WAS ADVISED BY THE LOWER COURT AS REQUIRED BY CRIM.R. 11(E) AND R.C. 2937.02.
 II. A WRITTEN WAIVER OF COUNSEL IS NOT A SUBSTITUTE FOR COMPLIANCE WITH THE CRIMINAL RULES WHICH REQUIRE AN ORAL WAIVER IN OPEN COURT BEFORE A JUDGE WHICH IS RECORDED, NOR DOES IT COMPLY WITH THE CONSTITUTIONAL MANDATE THAT THE WAIVER AFFIRMATIVELY APPEAR ON THE RECORD.
 III. UPON A PLEA OF NO CONTEST, THE COURT MUST MAKE A FINDING OF GUILTY OR NOT GUILTY FROM AN EXPLANATION OF CIRCUMSTANCES OF THE OFFENSES CHARGED IN THE COMPLAINT.
 IV. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION TO VACATE THE PLEA OF NO CONTEST WITHOUT A HEARING.
 V. THE TRIAL COURT IS REQUIRED TO PREPARE FINDINGS OF FACT AND CONCLUSIONS OF LAW EVEN UPON A SUMMARY DISMISSAL OF A POSTCONVICTION PETITION.
 VI. IT IS ERROR TO FAIL TO NOTIFY APPELLANT THAT HIS NO CONTEST PLEA TO SHAKER HEIGHTS MUNICIPAL ORDINANCE 737.03 WILL INVALIDATE THE OHIO STATE BOARD OF EDUCATION TEACHERS [SIC] CERTIFICATE AND IS A VIOLATION OF DOUBLE JEOPARDY.
 VII. THE COURT FAILED TO FOLLOW ARRAIGNMENT PROCEDURES PURSUANT TO OHIO CRIM.R. 5.
For the following reasons, the court rejects these assignments of error and affirms the municipal court's decision.
 STATEMENT OF PROCEEDINGS
On November 12, 1996, appellant was arrested and charged with assault and unlawful restraint in violation of Shaker Heights Codified Ordinances §§ 737.03(A) and 737.08. He was summoned to appear before the court on December 9, 1996.
On December 9, 1996, appellant signed a written waiver of counsel and entered a plea of no contest to the charges. On February 6, 1997, the court sentenced appellant to thirty days in jail and a $500 fine, plus twelve months' active probation, on the assault charge, suspending all jail time and $250 of the fine. The court sentenced appellant to thirty-five days in jail and a $600 fine on the unlawful restraint charge, again suspending all jail time and $300 of the fine.
On August 11, 1997, appellant wrote to the court, asking the court to "expunge my case early." On November 10, 1997, appellant again wrote to the court, advising the court that he had lost his position as a teacher because of his conviction and asking "to know if possible how I can get this to a lower charge or possible [sic] taken off my record."
On January 5, 1998, appellant, through counsel, filed a motion to withdraw his no contest plea on the ground that he was not informed of the penalty and consequences of conviction and therefore did not enter the plea knowingly and intelligently. He asserted that at the time he entered his no contest plea, he was not aware he would lose his license to teach and would be barred from recertification for five years. He attached an affidavit in support of these assertions. On January 29, 1998, the court overruled appellant's motion. This appeal was timely filed on February 26, 1998.
Although the tape recording of the proceedings leading to appellant's no contest plea was destroyed, the court settled and approved a statement of the evidence pursuant to App.R. 9(C). The statement provides, in pertinent part:
 On December 9, 1996, Defendant-Appellant appeared in court for his arraignment and was given a written explanation of his constitutional rights. When the case was called, Defendant-Appellant was given his Criminal Rule 11 rights verbally by the judge. It was ascertained that Defendant-Appellant would enter a plea of no contest voluntarily, knowing that he had the right to counsel; the right to a trial by jury; the right to confront witnesses against him; to have compulsory process for the obtaining of witnesses in his favor; and to require the state to prove his guilt beyond a reasonable doubt at the trial at which he could not be compelled to testify against himself. Defendant-Appellant also signed a waiver of attorney form. Understanding these rights, Defendant-Appellant waived these rights and entered a plea of no contest. Evidence was heard and the judge entered a finding of guilty to the charges.
* * *
 LAW AND ANALYSIS
Appellant's first, second, third, sixth and seventh assignments allege a variety of errors in connection with appellant's no contest plea. Whatever the merits of those assignments might be, the time for appeal of appellant's conviction has long since passed. Appellant may not use the court's denial of his motion to withdraw his plea to reopen all prior proceedings:
 This type of "bootstrapping" to wit., the utilization of a subsequent order to indirectly and untimely appeal a prior order (which was never directly appealed) is procedurally anomalous and inconsistent with the appellate rules which contemplate a direct relationship between the order from which the appeal is taken and the error assigned as a result of that order. See Appellate Rules 3(D), 4(A), 5 and 16(A)(3).
State v. Church (Nov. 2, 1995), Cuyahoga App. No. 68590, unreported; also see In re Borgh (Jan. 4, 1996), Cuyahoga App. No. 68033, unreported. The court lacks jurisdiction to review the issues raised in these assignments of error and therefore dismisses them.Cf., e.g., In re Contested Election of November 7, 1995
(1996), 76 Ohio St.3d 234; DiPrima v. A.W. Tavern, Inc.
(1994), 96 Ohio App.3d 470, 473.
The fourth assignment of error contends the trial court abused its discretion by denying appellant's motion to vacate the plea of no contest without a hearing. Appellant filed a motion to withdraw his no contest plea pursuant to Crim.R. 32.1. Under Crim.R. 32.1, after sentencing, the court may set aside the judgment and permit the defendant to withdraw his or her plea only "to correct manifest injustice." The defendant has the burden of establishing the existence of a manifest injustice.State v. Smith (1977), 49 Ohio St.2d 261, paragraph one of the syllabus.
An evidentiary hearing on the motion is not automatic. No hearing is required if the facts as alleged by the defendant, even if accepted as true, would not require the court to allow the guilty plea to be withdrawn. State v. Legree (1988), 61 Ohio App.3d 568;State v. Blatnik (1984), 17 Ohio App.3d 201.
In this case, the municipal court did not abuse its discretion by failing to hold a hearing on appellant's motion. Even if the court accepted appellant's claim that he would not have pleaded no contest to the charges if he had known he would lose his teaching certification, this is not a manifest injustice requiring withdrawal of the plea. Myriad effects follow a conviction; the court is not obligated to inform the defendant of all of them. Nor is it necessary for a defendant to be informed of all of the potential effects of his plea for the plea to be knowing and intelligent. Cf. State v. Moore (Aug. 27, 1998), Cuyahoga App. No. 73899, unreported. Accordingly, the court did not abuse its discretion by denying appellant's motion without a hearing. The fourth assignment of error is overruled.
The fifth assignment of error contends that the court erred by failing to prepare findings of fact and conclusions of law. The legal basis for this argument is not readily apparent. Appellant moved the court to withdraw his no contest plea pursuant to Crim.R. 32.1; Crim.R. 32.1 does not require the court to prepare findings of fact and conclusions of law.
Appellant cites State ex rel. Brown v. Court (1986), 23 Ohio St.3d 46.Brown concerns a petition for post-conviction relief pursuant to R.C. 2953.21. That statute expressly requires the court to file findings of fact and conclusions of law. Appellant did not file a petition for post-conviction relief, however. The municipal court would have had no jurisdiction over such a motion because that statute does not apply to persons convicted of violating a municipal ordinance. Dayton v. Hill (1970), 21 Ohio St.2d 125, syllabus; Lakewood v. Dowling (June 24, 1993), Cuyahoga App. Nos. 63273, 63176, 62889, unreported. Therefore, the fifth assignment of error is overruled.
Accordingly, the judgment of the municipal court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Shaker Heights Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON. P.J. and LEO SPELLACY. J. CONCUR