The State ex rel. Baldzicki et al. *v.* Cuyahoga
County Board of Elections.

[Cite as *State ex rel. Baldzicki v. Cuyahoga Cty.
Bd. of Elections* (2000), 90 Ohio St.3d 238.]

(No. 00–1647—Submitted October 10, 2000—Decided October 11, 2000.)

240

*Kelley, McCann & Livingstone, LLP, Stephen M. O'Bryan, Thomas J. Lee* and *Timothy J. Duff; Brunner, Kirby & Jeffries Co., L.P.A., Jennifer L. Brunner, Rick L. Brunner* and *David R. Funk,* for relators.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *Reno J. Oradini, Jr.,* Assistant Prosecuting Attorney, for respondent Cuyahoga County Board of Elections.

*Donald J. McTigue; Chester, Willcox & Saxbe, John J. Chester* and *J. Craig Wright,* for intervenor respondent Crocker Park, LLC.

*Per Curiam.* Relators request a writ of prohibition to prevent the submission of Ordinance No. 2000–68 to the Westlake electors at the November 7, 2000 election. In order to be entitled to a writ of prohibition, relators must establish that (1) the board is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denial of the writ will cause injury for which no other adequate remedy in the ordinary course of law exists. *State ex rel. Henry v. McMonagle* (2000), 87 Ohio St.3d 543, 544, 721 N.E.2d 1051, 1052.

Therefore, in order for the writ to issue, relators must first establish that the board exercised quasi-judicial power in denying their protest and placing Ordinance No. 2000–68 on the November 7 ballot. See *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 291, 649 N.E.2d 1205, 1207 ("[A] writ of prohibition may issue to prevent the placement of names or issues on a ballot even though the protest hearing has been completed, as long as the election has not yet been held").

"Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that *require* a hearing resembling a judicial trial." (Emphasis added.) *State ex rel. Wright v. Ohio Bur. of Motor Vehicles* (1999), 87 Ohio St.3d 184, 186, 718 N.E.2d 908, 910; *State ex rel. Hensley v. Nowak* (1990), 52 Ohio St.3d 98, 99, 556 N.E.2d 171, 173.

In *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 72, 647 N.E.2d 769, 772, we held that prohibition would not issue to prevent a board of elections from conducting an election until 1997 for the office of city council member because, among other reasons, the board was not *required* to hold a quasi-judicial hearing on the matter:

"There is no evidence here that any written protest has been filed against any candidate. Moreover, *a written protest under R.C. 3501.39 and/or 3513.05 would be inapplicable,* since relators' objection is not against the qualifications of particular candidates, but instead assails the entire 1995 city council election, *i.e.,* relators/city council members attack even their own ability to be candidates for the 1995 election.

"*Respondents' decision* to conduct the city council election in 1995 for terms commencing in January 1996 *was thus not the appropriate subject for a statutory protest. Therefore, no hearing was required. Since no hearing resembling a judicial trial was either required or conducted, respondents' decision to conduct the election was ministerial rather than quasi-judicial.* [Other election cases] *are distinguishable, since* [statutory] *written protests were filed, thereby requiring hearings and the exercise of quasi-judicial authority.*" (Emphasis added.)

Although relators filed a protest here, no statute or other pertinent law *required* the board to conduct a hearing resembling a quasi-judicial hearing on their protest against the placement of Ordinance No. 2000–68 on the election ballot. Cf. R.C. 3501.39(A)(1) and (2), providing for board hearings on written protests against petitions and candidacies. Relators' protest was neither against petitions nor candidacies. In addition, the mere fact that such a hearing was required on the other protest against an initiative petition for a separate ordinance did not transform that portion of the hearing regarding Ordinance No. 2000–68 into a required quasi-judicial proceeding. In fact, relators do not so argue.

Relators instead claim that *any* protest hearing before a board of elections is a quasi-judicial proceeding and cite *State ex rel. Cooker Restaurant Corp. v. Montgomery Cty. Bd. of Elections* (1997), 80 Ohio St.3d 302, 686 N.E.2d 238, in support of their proposition. But *Cooker Restaurant* involved statutory protests requiring quasi-judicial proceedings. *Id.* at 306, 686 N.E.2d at 242; see, also, R.C. 4301.33(B) and 4305.14(D). As previously noted, no such proceedings were required here.

Moreover, the board did not conduct a hearing sufficiently resembling a judicial trial in denying relators' protest. No sworn testimony was introduced at the hearing, and despite relators' reliance on counsel statements noting the presence of evidence folders or packets at the hearing, these documents were not formally introduced into evidence at the hearing and were not made part of the board hearing record. Cf. *Christy v. Summit Cty. Bd. of Elections* (1996), 77 Ohio St.3d 35, 37, 671 N.E.2d 1, 3 ("The board exercised quasi-judicial authority by denying relators' protests following an R.C. 3501.39 hearing which *included sworn testimony* "); *Thurn,* 72 Ohio St.3d at 291, 649 N.E.2d at 1207 ("Thurn filed a written protest, and a hearing *which included sworn testimony* was held by the board"). (Emphases added.) In essence, the board hearing was more in the nature of a pretrial hearing on issues or an appellate argument than the evidentiary hearing normally associated with a typical judicial trial.

Based on the foregoing, because the board did not exercise quasi-judicial authority in denying relators' protest, prohibition will not lie. *Youngstown,* 72 Ohio St.3d at 72, 647 N.E.2d at 772; *Wright,* 87 Ohio St.3d at 186, 718 N.E.2d at 910–911. Therefore, we deny the writ. By so holding, we need not consider the merits of relators' remaining claims or the parties' various motions. "It is well settled that we will not indulge in advisory opinions." *In re Contested Election on November 7, 1995* (1996), 76 Ohio St.3d 234, 236, 667 N.E.2d 362, 363.

*Writ denied.*

MOYER, C.J., F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, J., concurs in judgment.

RESNICK, J., not participating.