JOURNAL ENTRY and OPINION.
{¶ 1} Defendant-appellant, City of Cleveland Heights, appeals the trial court's decision reinstating plaintiff-appellee, Juanita Miller, to her previous position of employment with the City of Cleveland Heights. Having reviewed the arguments of the parties and the pertinent law, for the reasons that follow, we sustain appellant's second assignment of error and vacate the lower court's order.
 I. {¶ 2} Plaintiff-appellee, Juanita Miller ("appellee"), started working for the defendant-appellant ("City") on December 12, 1983. She began working as a community relations representative under the Department of Community Relations. In April of 1985, she was promoted to the position of housing counselor under the City's Housing Preservation Office. In 1999, Mr. Richard Wagner became appellee's new supervisor and there were some difficulties between the two individuals. Appellee was terminated in November of 2000.
 {¶ 3} On October 19, 2000, appellee's supervisor at the City drafted and provided appellee with a notice of disciplinary action and recommended her termination and suspension. The notice advised appellee of her right to a hearing, which was eventually scheduled for November 9, 2000. The November 9, 2000 hearing resulted in a formal recommendation and eventually the termination of appellee's employment.
 {¶ 4} Appellee appealed her termination to the common pleas court on December 20, 2000. On September 30, 2002, after various motions and extensions of time, the trial court released its decision ordering that appellee be reinstated and be given Ohio Public Employees Retirement System ("PERS") credit. The City subsequently filed this notice of appeal on October 4, 2002.
 II. {¶ 5} Due to the fact that the outcome of the City's second assignment of error renders the first assignment of error moot, this court will address the City's second assignment of error out of turn.
 {¶ 6} The City's second assignment of error states, "[t]he Common Pleas Court had no jurisdiction over Appellee's appeal of Appellant City's termination order pursuant to R.C. Chapter 2506 because that order did not result from a quasi judicial proceeding, and therefore that Court's order must be reversed and declared void."
 {¶ 7} R.C. 2506.01 covers appeals from political subdivisions and agencies and it states the following:
"2506.01 Appeal from decisions of any agency of any politicalsubdivision.
 "Every final order, adjudication, or decision of any officer,tribunal, authority, board, bureau, commission, department, or otherdivision of any political subdivision of the state may be reviewed by thecourt of common pleas of the county in which the principal office of thepolitical subdivision is located as provided in Chapter 2505 of theRevised Code, except as modified by this chapter.
 "The appeal provided in this chapter is in addition to any other remedyof appeal provided by law.
 "A `final order, adjudication, or decision' means an order,adjudication, or decision that determines rights, duties, privileges,benefits, or legal relationships of a person, but does not include anyorder, adjudication, or decision from which an appeal is granted byrule, ordinance, or statute to a higher administrative authority if aright to a hearing on such appeal is provided, or any order,adjudication, or decision that is issued preliminary to or as a result ofa criminal proceeding."
 {¶ 8} The Ohio Supreme Court has held that "in order for an administrative act to be appealable under R.C. 2506.01, such act must be the product of quasi-judicial proceedings." M.J. Kelley Co. v.Cleveland (1972), 32 Ohio St.2d 150, 153. In order for a proceeding to be considered quasi-judicial, the proceeding must resemble a court proceeding in that an exercise of discretion is employed in adjudicating the rights and duties of parties with conflicting interests. Thomas v.Beavercreek (1995), 105 Ohio App.3d 350. In addition, the proceedings of administrative officers are not quasi-judicial where there is no requirement for notice, hearing, and the opportunity for the introduction of evidence. Kelley, supra, at paragraph two of the syllabus.
 {¶ 9} "Quasi-judicial" authority is defined as the power to hear and to determine controversies between the public and individuals which require a hearing resembling a judicial trial. State ex rel. Youngstownv. Mahoning County Bd. of Elections (1995), 72 Ohio St.3d 69. Because unclassified civil servants are not entitled to a form of quasi-judicial review, this court has expressly held that an unclassified employee cannot maintain an appeal under R.C. 2506.01. Prosen v. Dimora (1992),79 Ohio App.3d 120. See, also, Schack v. Geneva Civ. Serv. Comm. (1993),86 Ohio App.3d 689.
 {¶ 10} Allowing the courts to hear R.C. 2506.01 appeals from unclassified civil service employment actions would be contrary with the at-will rights of both the employer and employee because it would impose a standard of review that was not contemplated by the parties. In other words, at-will terminations would be subject to conditions that would nullify the at-will nature of the employment.
 {¶ 11} In the case sub judice, it is true that the City provided a hearing mechanism for its at-will employees, but that fact does not elevate the matter to a quasi-judicial proceeding. As the present case demonstrates, the City's grievance procedure is so informal that it cannot be said to have any of the indicia of a trial. The mere presence of Miller's attorney did not convert the matter into a trial. An at-will employer may institute disciplinary proceedings, but those proceedings will not change the fundamental character of the at-will employment agreement between the parties.
 {¶ 12} The City's second assignment of error is well founded and sustained. The trial court's order is hereby vacated.
It is ordered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, P.J., concurs in judgment only;
TIMOTHY E. McMONAGLE, J. concurs.