JOURNAL ENTRY AND OPINION
{¶ 1} On November 6, 2008, petitioners James Janosek and Welded Ring Products, Inc. filed an original action in prohibition against the Cuyahoga Support Enforcement Agency (CSEA). In their petition, relators ask this court to prohibit the CSEA from ordering the payment of spousal support and withholding monies not owed by relators. Thereafter, on December 8, 2008, CSEA filed a combined motion to dismiss and a motion for summary judgment to which relators filed their reply on December 18, 2008. CSEA filed a reply to relators' response on December 31, 2008. For the below reasons, we grant the motion for summary judgment. *Page 3 
 {¶ 2} The facts of this matter are not in dispute. On June 10, 2002, relator's wife sued for divorce in the case captioned Janosek v.Janosek, Cuyahoga County Court of Common Pleas, Domestic Relations Division, Case No. DR 02-286943. In February 2005, Janosek began paying the sum of $13,700.00 per month in spousal support. The court issued its final decree in June 2005 and ordered relator to pay $22,400.00 per month in spousal support for life.
 {¶ 3} Janosek appealed the final divorce decree and this court remanded the matter for further proceedings consistent with its opinion. On remand, the trial court reduced the amount of spousal support in a judgment entry issued on July 23, 2008 to $15,300.00 per month for eighteen years. The judgment entry also made the reduction of Janosek's spousal support payment retroactive to February 7, 2005. The judgment entry further ordered that credits and debits were to be adjusted accordingly but failed to state how they were to be adjusted. As both parties agree, the retroactive reduction created a substantial overpayment in spousal support by the relator.
 {¶ 4} On August 27, 2008, Janosek filed a motion to determine the amount of spousal support overpayment and a motion to stay spousal support payments due to overpayment. According to the lower court docket, those motions are still pending.
 {¶ 5} As a result of these overpayments, Janosek stopped paying spousal support. However, based upon the order of the court to collect $15,300.00 per month in spousal support, CSEA continued to issue withholding notices. *Page 4 
 {¶ 6} In order to be entitled to a writ of prohibition, relators must establish that the respondent will or is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin, 80 Ohio St.3d 335, 1997-Ohio-0202,686 N.E.2d 267; State ex rel. Largent v. Fisher (1989), 43 Ohio St.3d 160,540 N.E.2d 239.
 {¶ 7} Relators have not demonstrated to this court that CSEA is exercising judicial authority or quasi-judicial authority. "Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing and judicial trial." State ex rel. Upper Arlington v. Franklyn Cty. Bd.Of Elections, 119 Ohio St.3d 478, 2008-Ohio-5093, 895 N.E.2d 177, quoting State ex rel. Wright v. Ohio Bur. Of Motor Vehicles (1999),87 Ohio St.3d 184, 186, 718 N.E.2d 908. Moreover, when no statue or other pertinent law requires some authority to conduct a hearing resembling a judicial trial, the authority does not possess quasi-judicial authority. See State ex rel. Baldzicki v. Cuyahoga Cty. Bd. Of Elections (2000),72 Ohio St.3d 69, 647 N.E.2d 769.
 {¶ 8} According to the affidavit of James L. Viviani, the Director of the Cuyahoga Support Enforcement Agency, CSEA is required to follow the directives of the lower court which ordered Janosek to pay $15,3000.00 per month in spousal support. Furthermore, CSEA is neither required nor authorized to conduct a hearing *Page 5 
on the amount of spousal support paid by Janosek. Additionally, CSEA has not held, nor does it intend to hold, any adjudicative hearing regarding Janosek's spousal support. Based upon these facts, we do not find that CSEA possesses quasi-judicial authority in this matter.
 {¶ 9} Consequently, we grant CSEA's motion for summary judgment and deny the writ. Relators to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ. R. 58(B).
Writ denied.
FRANK D. CELEBREZZE, JR., J., and LARRY A. JONES, J., CONCUR *Page 1