*788 Diane V. Grendell, Judge,
concurring.
{¶ 88} I agree with the majority’s conclusion that the Cuyahoga charter was not expressly retroactive. However, I write separately for three reasons.
{¶ 89} First, the proponents of the reorganizational charter provisions could have preempted this litigation by simply including language in the ballot initiative that recalled the previously elected county officials whose terms were shortened by the adoption of the charter. Such a provision would have made it clear that the voters intended to alter the 2008 election results.
{¶ 90} Second, it is necessary to address the majority’s discussion of the second prong of the retroactivity test, which requires that the subject provision be “substantive.” State v. Williams, 129 Ohio St.3d 344, 2011-Ohio-3374, 952 N.E.2d 1108, at ¶ 8 (the second part of the retroactivity test “requires [the court] to determine whether the statutory provisions are substantive or remedial”). While I agree that the appellant must prove that the provision creating new elected offices must be substantive, I disagree with the majority’s analysis on this issue.
{¶ 91} The law of Ohio clearly states that there is no vested right for an elected official to hold office. Walton v. Montgomery Cty. Welfare Dept. (1982), 69 Ohio St.2d 58, 64-65, 430 N.E.2d 930. The majority focuses mainly on this issue, finding that there is no vested right to hold office, and, therefore, the charter provisions are not substantive, such that the charter could be considered retroactive. However, it is important to emphasize that a vested right is not required if a law is impermissibly retroactive by imposing a new burden and interfering with an expectation of finality. See State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281, 525 N.E.2d 805 (“a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration, if it did not create a vested right, created at least a reasonable expectation of finality”). (Emphasis added.) Cincinnati School Dist. Bd. of Edn. v. Hamilton Cty. Bd. of Revision (2001), 91 Ohio St.3d 308, 316-317, 744 N.E.2d 751 (while changes may be made to the law, such changes may not be made if they “bring with them new burdens” and create an expectation of finality).
{¶ 92} The majority finds that because the officials elected in 2008 did not have a vested right to their offices, no new legal consequences attached to the 2008 election. However, courts have found a provision to be substantive, even in the absence of a vested right. See Norton v. Richards, 9th Dist. No. 24557, 2009-Ohio-3868, 2009 WL 2383008, at ¶ 23 (since the court concluded that the contested charter provision “attaches a new disability or burden to a past transaction, a transaction which held an expectation of finality,” the court found that it “need not determine whether the voters or the Council members have a vested right”). Therefore, because it is clear in this case that there is no vested right for an *789 elected official to hold office, this court’s analysis must focus primarily on whether there was a new burden imposed, as well as an expectation of finality in the 2008 election results.
{¶ 93} Regarding the issue of an expectation of finality, the majority simply concludes that electors do not have a “constitutionally protected” right to a reasonable expectation of finality. Such a statement is overly broad and precludes arguments introduced in eases such as Norton, where voters had an expectation that the results of a prior election would not be used to determine the results of a future election. 2009-Ohio-3868, 2009 WL 2383008, at ¶ 22. Although Norton is distinguishable from the present case, this court should avoid concluding that electors can never have a right to a reasonable expectation of finality.
{¶ 94} While in some other cases voters may have had an expectation of finality, in the present case, the election’s results were not changed, but the offices previously in existence were replaced by new offices. The voters have the right to change the form of their county government and, therefore, cannot have had an expectation of finality as to the prior 2008 election results.
{¶ 95} Finally, it is also important to address two related issues raised by the majority. The majority states that invalidating a charter on the basis of retroactivity is, in effect, a statement that an elected official has a vested right to his or her office. However, that is not the case. If voters adopted a charter explicitly eliminating offices, that would be an exercise of the voters’ rights, but would still eliminate an elected official’s right to office. Such an event did not occur here, because there was no provision in the charter expressly eliminating the officials’ offices. However, as noted above, the emphasis should be on the rights of the voters and their rights and expectations with respect to their votes, not whether elected officials have a vested right to hold office.
{¶ 96} Additionally, the majority states that the voters in Cuyahoga County adopted the charter and therefore cannot now claim that the results of the 2008 election were disrupted. As noted above, this issue could have been preempted by a provision recalling the previously elected officials. In addition, while the majority essentially asserts that voters adopting a new charter must live with the consequences of adopting that charter, it does not automatically follow that the voters cannot claim that prior election results have been improperly disrupted. If voters adopt an improperly retroactive provision in a charter, the provision must still be held invalid. See State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections (1995), 72 Ohio St.3d 69, 73, 647 N.E.2d 769; Citizens Against Rent Control v. Berkeley (1981), 454 U.S. 290, 295, 102 S.Ct. 434, 70 L.Ed.2d 492 (“the voters may no more violate the Constitution by enacting a ballot measure than a legislative body may do so by enacting legislation”). It is necessary for the *790 courts to protect the voters from the consequences that may result from adopting unlawful charter provisions.
{¶ 97} For the reasons discussed above, I find that the charter was not retroactive and, therefore, the judgment of the trial court should be affirmed.