[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 184.]

THE STATE EX REL. WRIGHT, APPELLANT, *v.* REGISTRAR, OHIO BUREAU OF
MOTOR VEHICLES, APPELLEE.

[Cite as *State ex rel. Wright v. Ohio Bur. of Motor Vehicles*, 1999-Ohio-17.]

*Prohibition—Random sampling of motor vehicles—Failure to provide proof of*
*financial responsibility—R.C. 4509.101(A)(3)(c)—Writ sought to prohibit*
*Registrar of Ohio Bureau of Motor Vehicles from suspending relator's*
*driver's license—Dismissal of action affirmed.*

(No. 99-1041–Submitted October 12, 1999–Decided November 17, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 76044.

_____

{¶ 1} On or about February 5, 1999, appellee, Registrar of the Ohio Bureau of Motor Vehicles, notified appellant, Donald M. Wright, that his driving and vehicle registration privileges would be suspended beginning February 24. The Registrar informed Wright that his suspension resulted from Wright's failure to provide proof of automobile liability insurance or other financial responsibility coverage for December 21, 1998, as previously requested by the Registrar during a random sampling of motor vehicles registered in Ohio. The Registrar further notified Wright that he could avoid the suspension by sending proof of insurance or other financial responsibility coverage within fifteen days or request a hearing within ten days.

{¶ 2} On February 23, Wright filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent the Registrar from suspending his driver's license. Wright did not state that he had attempted either to send in proof of financial responsibility for the date specified by the Registrar or to request a hearing. He conceded that his motor vehicle was not insured on the specified date, instead claiming that in late 1998, he "took the vehicle out of operation,

neither operating [n]or insuring it" due to financial problems. The Registrar filed a motion to dismiss Wright's complaint. The court of appeals subsequently granted the motion and dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*George W. Macdonald*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Kenneth F. Affeldt*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***

{¶ 4} Wright asserts that the court of appeals erred in dismissing his prohibition action. For the following reasons, Wright's claims are meritless.

{¶ 5} In order to be entitled to a writ of prohibition, Wright had to establish that (1) the Registrar is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to Wright for which no other adequate remedy in the ordinary course of law exists. *State ex rel. White v. Junkin* (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.

{¶ 6} R.C. 4509.101(A)(3)(c) provides that whenever in accordance with rules adopted by the Registrar, the Registrar randomly selects a person who has been issued a license to operate a motor vehicle, that person must, upon request, verify the existence of proof of financial responsibility covering the operation of motor vehicle. Pursuant to R.C. 4509.101(A)(3)(c), the Registrar adopted Ohio Adm.Code 4501:1-2-08, which governs the random-selection suspension procedure and provides:

"(C) If the owner of a vehicle randomly selected pursuant to rule 4501:1-2-07 of the Administrative Code, within twenty-one days of the mailing of the notice, fails to respond to the notice, fails to give acceptable evidence that the

vehicle is exempt, or fails to give acceptable proof of financial responsibility, the registrar shall order the suspension of the license of the person required under division (A)(2)(a) of section 4509.101 of the Revised Code and the impoundment of the person's certificate of registration and license plates required under division (A)(2)(b) of section 4509.101 of the Revised Code, effective thirty days after the date of the mailing of notification. The registrar also shall notify the person that the person must present the registrar with proof of financial responsibility, submit evidence acceptable to the registrar showing that the vehicle is exempt, or surrender to the registrar the person's certificate of registration, license plates, and license. Notification shall be in writing and shall be sent to the person at the person's last know[n] address as shown on the records of the bureau of motor vehicles. The person, within fifteen days after the date of the mailing of notification, shall present proof of financial responsibility, submit evidence showing that the vehicle is exempt, together with any other information the person considers appropriate, or surrender the certificate of registration, license plates, and license to the registrar.

"(D) If the registrar does not receive proof, the person does not give acceptable evidence that the vehicle is exempt in accordance with this rule, or does not surrender the certificate of registration, license plates, and license, the registrar shall permit the order of the suspension of the license of the person and the impoundment of the person's certificate of registration and license plates to take effect.

"(E) In the case of a person who presents, within the fifteen-day period, documents to show proof of financial responsibility, the registrar shall terminate the order of suspension and the impoundment of the registration and license plates required under division (A)(2)(b) of section 4509.101 of the Revised Code and shall send written notification to the person, at the person's last known address as shown on the records of the bureau.

"(F) Any person adversely affected by the order of the registrar, within ten days after the issuance of the order, may request an administrative hearing before the registrar, who shall provide the person with an opportunity for a hearing in accordance with this paragraph. A request for a hearing does not operate as a suspension of the order. The scope of the hearing shall be limited to whether the vehicle is exempt and whether the person in fact demonstrated to the registrar proof of financial responsibility in accordance with this section. The registrar shall determine the date, time, and place of any hearing, provided, that the hearing shall be held, and an order issued or findings made, within thirty days after the registrar receives a request for a hearing. Such person shall pay the cost of the hearing before the registrar, if the registrar's order of suspension or impoundment is upheld."

{¶ 7} The Registrar had not exercised nor is he about to exercise quasi-judicial authority in issuing the suspension order against Wright pursuant to R.C. 4509.101(A)(3)(c) and Ohio Adm.Code 4501:1-2-08. Quasi-judicial authority is the power to hear and determine controversies between the public and individuals that require a hearing resembling a judicial trial. *State ex rel. Youngstown v. Mahoning Cty. Bd. of Elections* (1995), 72 Ohio St.3d 69, 71, 647 N.E.2d 769, 771; *State ex rel. Hensley v. Nowak* (1990), 52 Ohio St.3d 98, 99, 556 N.E.2d 171, 173. The Registrar issued an administrative suspension, which did not require a hearing resembling a judicial trial unless Wright requested a hearing within ten days following the issuance of the suspension order. Ohio Adm.Code 4501:1-2-08. Wright did not allege in his complaint or otherwise claim that he had ever timely requested such hearing pursuant to Ohio Adm.Code 4501:1-2-08(F). Therefore, the Registrar is not exercising or about to exercise quasi-judicial authority in this matter.

{¶ 8} In addition, as the court of appeals held, R.C. 4509.101(A)(3)(c) and Ohio Adm.Code 4501:1-2-08 authorized the Registrar to issue the suspension order. Contrary to Wright's contentions, R.C. 4509.101 does not restrict the proof

of financial responsibility requirement to the actual operation of a motor vehicle. R.C. 4509.101(A)(3) specifies that this requirement applies to "[a] person to whom this state has issued a certificate of registration for a motor vehicle or a license to operate a motor vehicle" in addition to persons who "have operated any motor vehicle or permitted the operation in this state of a motor vehicle owned by the person." Wright further failed to allege in his complaint that he had ever submitted acceptable proof of financial responsibility or acceptable evidence that his vehicle was exempt. See Ohio Adm.Code 4501:1-2-08(C).

{¶ 9} Wright's reliance on a February 8 letter from his attorney to the Bureau of Motor Vehicles as proof of his vehicle's entitlement to an exemption is misplaced. The letter, in which his attorney asserted that Wright did not need insurance because he did not operate the vehicle on the date specified by the Registrar, did not constitute acceptable proof of any exemption, *i.e.*, that the vehicle was used only seasonally and was out of season on that date, that the vehicle was inoperable, or that the vehicle was out of service for a period of at least thirty days. Ohio Adm.Code 4501:1-2-08(B). Nothing in the pertinent law provides that a motor vehicle that remains operable may be voluntarily placed "out of service" by the owner by simply not driving it. And nothing establishes that the Registrar has so construed this exemption.

{¶ 10} Because R.C. 4509.101(A)(3)(c) and Ohio Adm.Code 4501:1-2-08 authorized the Registrar to proceed with Wright's license suspension, and the Registrar did not exercise quasi-judicial authority in doing so, Wright is not entitled to the requested extraordinary relief in prohibition.

{¶ 11} Based on the foregoing, the court of appeals properly dismissed Wright's prohibition action. We affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

LUNDBERG STRATTON, J., concurs separately.

_____

**LUNDBERG STRATTON, J., concurring.**

{¶ 12} I agree with the majority decision. I write separately only because I wish to emphasize the proper procedure for challenging the exempt status of a vehicle as prescribed by the Registrar.

{¶ 13} "The registrar may determine that certain vehicles shall be exempt from the random selection process. Vehicles which may be exempt may include * * * [v]ehicles which are * * * out of service for at least thirty days." Ohio Adm.Code 4501:1-2-07(F). The Ohio Administrative Code provides that a person may request a hearing to submit proof that his or her vehicle is exempt from the random selection process. Ohio Adm.Code 4501:1-2-08.

{¶ 14} In this case, Wright sought to prevent the Registrar from suspending his license by filing a complaint with the court of appeals seeking a writ of prohibition. Instead, Wright should have requested a hearing, an option printed on the suspension notice, where he *might* have been able to prove that his vehicle was exempt from random sampling.[1] Regardless of what the ultimate result would have been, a hearing before the Registrar is the more proper forum to challenge the exempt status of a vehicle, as opposed to a writ of prohibition.

_____

---

1. I emphasize the word "might" because it is the Registrar who decides whether the owner has submitted sufficient evidence to prove that his or her vehicle is exempt.