JOURNAL ENTRY OPINION
Relator, Alfred F. Nimrod ("Nimrod"), avers that respondent, the Registrar of the Bureau of Motor Vehicles ("the registrar"), has wrongfully suspended Nimrod's operating privileges — that is, suspended his driver's license — and his registration privileges. Nimrod also avers that the registrar randomly selected Nimrod and, under R.C. 4509.101(A)(3)(c) and Ohio Adm. Code 4501:1-2-08, suspended Nimrod's driving privileges and vehicle registration privileges. Nimrod argues that, by means of the random selection process,
 the State of Ohio attempts to require or compel that he supply written documents to a state enforcement agency, contrary to the Fourth Amendment to the Constitution of the United States which provides that all citizens shall be free of unreasonable searches and seizures.
Complaint, par. 3 (emphasis in original). Nimrod requests that this court issue a writ of prohibition preventing the registrar from continuing the suspension of his operating and registration privileges.
The registrar has filed a motion to dismiss this action. For the reasons stated below, we grant the motion to dismiss.
In State ex rel. Wright v. Ohio Bur. off Motor Vehicles (1999),87 Ohio St.3d 184, 718 N.E.2d 908, the relator — Donald M. Wright — sought a writ of prohibition to prevent the registrar from suspending his driver's license for failure to provide proof of automobile liability insurance or other financial responsibility coverage for December 21, 1998.
 In order to be entitled to a writ of prohibition, Wright had to establish that (1) the Registrar is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to Wright for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.
 R.C. 4509.101(A)(3)(c) provides that whenever in accordance with rules adopted by the Registrar, the Registrar randomly selects a person who has been issued a license to operate a motor vehicle, that person must, upon request, verify the existence of proof of financial responsibility covering the operation of motor vehicle. Pursuant to R.C. 4509.101(A)(3)(c), the Registrar adopted Ohio Adm. Code 4501:1-2-08, which governs the random-selection suspension procedure [* * *.]
Id. at 185.
The Supreme Court affirmed this court's dismissal of Wright's complaint in State ex rel. Wright v. Registrar, Bur. of MotorVehicles (Apr. 29, 1999), Cuyahoga App. No. 76044, unreported.
 A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992), 81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98.
* * *
 Clearly, the respondent did not patently and unambiguously lack jurisdiction to suspend the driving privileges of the relator. State ex rel. Republic Steel Corp. v. Ohio Civil Rights Comm. (1975), 44 Ohio St.2d 178. In addition, the relator possesses or did possess an adequate remedy at law. The relator possessed the opportunity to avail himself of the hearing process which is contained within R.C. 4509.101(A) and Ohio Adm. Code 4501:1-2-08. Finally, the relator possesses or did possess the ability to appeal the respondent's decision to the Court of Common Pleas as provided through R.C. 119.12 and R.C. 4509.101. State ex rel. State Farm Mut. Auto. Ins. Co. v. Ohio Civil Rights Comm. (1983), 6 Ohio St.3d 426.
Case No. 76044 at 3, 5.
Likewise, in this action, Nimrod has an adequate remedy at law. In his complaint and brief in opposition to the registrar's motion to dismiss, Nimrod acknowledges that he requested a hearing on the suspension. In the brief in opposition to the registrar's motion to dismiss, he further acknowledges that a hearing was scheduled and that he exercised his option to submit his position in writing. In light of the fact that Nimrod not only has but is pursuing an adequate remedy at law, relief in prohibition is not appropriate.
The Supreme Court also observed in Wright:
 Wright further failed to allege in his complaint that he had ever submitted acceptable proof of financial responsibility or acceptable evidence that his vehicle was exempt. See Ohio Adm. Code 4501:1-2-08(C).
87 Ohio St.3d at 187. In this action, the registrar required Nimrod to prove that he had insurance or other financial responsibility coverage on November 28, 1999. Relator supported his brief in opposition to the registrar's motion to dismiss with materials indicating that he did have proof of insurance on December 18, 1999. Obviously, the sufficiency of these materials is an appropriate subject for the administrative hearing process and any ensuing appeals but is not an appropriate subject for an action in prohibition. In light of the Supreme Court's opinion inWright, Nimrod's failure to allege that he submitted proof of financial responsibility for the date required by the registrar provides an additional basis for denying relief in prohibition.
Nimrod's essential claim, however, is that he is entitled to relief in prohibition because the random selection process results in unreasonable searches and seizures in contravention of theFourth Amendment to the United States Constitution. "Courts decide constitutional issues only when absolutely necessary. State exrel. BSW Development Group v. Dayton (1998), 83 Ohio St.3d 338,345, 699 N.E.2d 1271, 1277." State ex rel. DeBrosse v. Cool
(1999), 87 Ohio St.3d 1, 7, 716 N.E.2d 1114. We have already determined that relief in prohibition would not be appropriate in this action. It is not necessary, therefore, for us to address Nimrod's constitutional claim.
Accordingly, the registrar's motion to dismiss is granted. Relator to pay costs.
Writ dismissed.
 TIMOTHY E. McMONAGLE: J., and MICHAEL J. CORRIGAN, J., CONCUR.
 ________________________________ DIANE KARPINSKI, PRESIDING JUDGE