JOURNAL ENTRY and OPINION
Relator is the defendant in State v. Novak, Cuyahoga County Court of Common Pleas Case No. CR-384399. Relator avers that Judge Mary Jane Boyle improperly recused herself. He also avers that Presiding and Administrative Judge Richard McMonagle improperly assigned Judge William Mahon[1] to preside over proceedings in Case No. CR-384399. Relator requests that this court issue a writ of prohibition against Judges McMonagle and Mahon to prevent said respondent(s) from usurping jurisdiction in Case No. CR-384399. Complaint, ad damnum, clause.
Respondents have filed a motion to dismiss and argue that relator has failed to state a claim in prohibition. We agree and dismiss this action.
The criteria for prohibition are well-established.
 In order to be entitled to a writ of prohibition, [relator] Wright had to establish that (1) the [respondent] Registrar is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to Wright for which no other adequate remedy in the ordinary course of law exists.
 State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.
State ex rel. Wright v. Ohio Bur. of Motor Vehicles (1999),87 Ohio St.3d 184, 185, 718 N.E.2d 908. The supreme court affirmed this court's dismissal of Wright's complaint in State ex rel. Wright v. Registrar, Bur. of Motor Vehicles (Apr. 29, 1999), Cuyahoga App. No. 76044, unreported.
 A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992), 81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98.
Case No. 76044 at 3, 5.
Relator contends that Judge Boyle's recusal was not in compliance with the requirements of R.C. 2701.03, governing disqualification of a common pleas judge. As a consequence, relator argues that Judge Mahon was patently and unambiguously without jurisdiction to preside over proceedings in Case No. CR-384399 because Judge McMonagle lacked the authority to reassign Case No. CR-384399 to Judge Mahon.
Relator relies on Bedford v. Lacey (1985), 30 Ohio App.3d 1,506 N.E.2d 224, as support for his position. In Lacey, the presiding judge of the court of common pleas had transferred a case from one municipal court to another municipal court. See former R.C. 2937.20.[2]
In Case No. CR-384399, however, Judge McMonagle issued a journal entry reassigning the underlying case to a retired judge assigned to the court of common pleas.
Once a case is assigned to an individual judge, by lot, it may be reassigned or transferred to another judge by order of the administrative judge. 1997 Staff Notes, Sup.R. 36. We cannot, therefore, conclude that respondents were patently and unambiguously without jurisdiction to act in Case No. CR-384399. Rather, relator has an adequate remedy at law by way of appeal, and an appeal from his conviction is pending as State v. Novak, Case No. 78482.
Respondents also argue that, in light of the fact that relator has been convicted and sentenced in Case No. CR-384399, respondents are not exercising or about to exercise judicial power. We agree. Relator cannot, therefore, fulfill any of the three criteria for prohibition.
Additionally, relator's affidavit accompanies the complaint. Relator merely avers that the foregoing is true and correct to the best of my belief and knowledge.
 A petition for a writ of mandamus "must contain the specific statements of fact upon which the claim of illegality is based and must be supported by an affidavit from the plaintiff or relator specifying the details of the claim. Absent such detail and attachments, the complaint is subject to dismissal." Loc.App.R. 45(B)(1)(a); State ex rel. Key v. Court of Common Pleas (Jan. 9, 1997), Cuyahoga App. No. 71680, unreported. In the case sub judice, relator has not set forth any facts in the petition which detail his claim. * * *.
 Relator has not supplied any facts relating to his own particular situation.
 Nor has relator set forth any facts which specify the details of his claim in the affidavit attached to the petition.
State ex rel. Pecsi v. Jones (Mar. 16, 2000), Cuyahoga App. No. 77464, unreported, at 2-3. By its terms, the requirement of filing an affidavit set forth in Loc.App.R. 45(B)(1)(a) applies to actions in prohibition and all original actions. As was the case in Pecsi, relator in this action has not specified the details of his claim. See, also, State ex rel. White v. Suster (Aug. 3, 2000), Cuyahoga App. No. 77894, unreported. The absence of an affidavit specifying the details of the claim is a sufficient basis for denying relief in prohibition.
Accordingly, we grant respondents' motion to dismiss (Motion No. 21457, filed October 3, 2000). Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
ANNE L. KILBANE, J. CONCURS, JAMES M. PORTER, J.* CONCURS
* (Judge James M. Porter concurred in this Journal Entry and Opinion before leaving the bench on December 31, 2000.)
[1] In his Petition for Writ of Prohibition, relator improperly labels his petition "State of Ohio, ex rel. William Novak v. Judge William McMahon." We will refer to the lower court judge by his proper name in this Opinion.
[2] Effective November 20, 1996, R.C. 2937.20 was renumbered as R.C.2701.031. R.C. 2701.031 governs affidavits of disqualification filed on or after the effective date. Section 3, S.B. No. 263, 146 Ohio Laws. State ex rel. Novak v. Carroll (Sept. 2, 1999), Cuyahoga App. No. 75098, unreported, at 7-8.