Relator avers that he is the defendant in Lakewood v. Sullivan,
Lakewood Municipal Court Case No. 00 A 753. By entry dated November 28, 2000, respondent judge imposed sentence in Case No. 00 A 753 and placed relator on one year probation subject to the following conditions:
 1). Enroll in Anger Management Program within 30 days and complete program
2). Abstain from all drugs of abuse
3). Temporary Protection Order remains in effect.
Attached to the complaint are copies of transcripts of proceedings in Case No. 00 A 753. The basis for the probation violation charge is that relator had contact with the victim. Relator contends that respondent lacks jurisdiction to hear the probation violation charge because the conditions of probation do not expressly include a "no contact" order. Relator also contends that the temporary protection order terminated upon relator's conviction.
The probation revocation hearing is scheduled for March 9, 2001. Relator requests that this court issue a writ of prohibition preventing respondent from proceeding with the probation revocation hearing.
The criteria for prohibition are well-established.
 In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268.
State ex rel. Wright v. Ohio Bur. of Motor Vehicles (1999),87 Ohio St.3d 184, 185, 718 N.E.2d 908. The Supreme Court affirmed this court's dismissal of Wright's complaint in State ex rel. Wright v.Registrar, Bur. of Motor Vehicles (Apr. 29, 1999), Cuyahoga App. No. 76044, unreported.
 A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992), 81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98.
Case No. 76044 at 3, 5.
Clearly, respondent has the authority to conduct a probation revocation hearing. Crim.R. 32.3. Relator has not provided this court with any controlling legal authority demonstrating that respondent is patently and unambiguously without jurisdiction to conduct the probation revocation hearing on March 9, 2001. Likewise, relator has not established that respondent's jurisdiction to proceed depends on the nature of the purported violation.
Rather, relator's arguments all pertain to potential error which would only be appropriate for appellate review — not adjudication by way of original action. In State ex rel. Dowdy v. Baird (1983),3 Ohio St.3d 10, 444 N.E.2d 1032, the Supreme Court affirmed the denial of an action in prohibition filed in the court of appeals. Relator inDowdy requested that the court of appeals prevent a probation revocation hearing from going forward. As was the case in Dowdy, relator has "made no showing of the inadequacy of the remedy of appeal from the revocation of his probation * * *." Id. at 11. See also State ex rel. Petch v.Cleveland (Sept. 6, 1994), Cuyahoga App. No. 67837, unreported; Jacksonv. Shaker Hts. Mun. Court (Feb. 25, 1992), Cuyahoga App. No. 63227, unreported.
Accordingly, we dismiss this action sua sponte. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B)
 ______________ SWEENEY
DIANE KARPINSKI, A.J., and ANNE L. KILBANE, J., CONCUR.