DECISION AND JUDGMENT ENTRY
Clyde E. Betts appeals the Municipal Court of Chillicothe's failure to dismiss a charge against him for operating a motor vehicle while his license was under suspension, a violation of R.C. 4507.02(B)(1). Betts does not dispute that he was driving with a suspended license, but contends that the trial court should have dismissed the charge based upon his challenge to the constitutionally of R.C. 4509.101, the statute pursuant to which the Bureau of Motor Vehicles ("BMV") initially suspended his license. Because Betts failed to follow the proper procedure for challenging his license suspension, we find that the trial court properly overruled his challenges to the suspension and found him guilty of driving while under suspension. Accordingly, we affirm the judgment of the trial court.
 I.
Betts received a letter from the BMV informing him that based upon a random selection, he was required to provide the BMV with proof of financial responsibility by July 31, 2000. Betts declined to provide the BMV with proof of financial responsibility, allegedly because he was not operating a motor vehicle on July 31, 2000. Consequently, in accordance with the rule set forth in Ohio Adm. Code 4501:1-2-08, the Registrar of the BMV suspended Betts' license from December 8, 2000 through March 8, 2001.
On March 3, 2001, Betts operated a motor vehicle though his license was still under suspension. choose not to comply with the Pursuant to R.C.4509.101(A)(3)(c), any person to whom the State of Ohio has issued a certificate of registration for a motor vehicle or a license to operate a motor vehicle, and any person who has operated a motor vehicle in this state or owns a motor vehicle that he permitted to be operated in this state, shall provide proof of insurance to the Registrar of the BMV when selected randomly to do so. Wright v. Ohio Bur. of Motor Vehicles
(1999), 87 Ohio St.3d 184
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: and Harsha, J.: Concur in Judgment Only.