{¶ 1} Relator, Louis Campbell aka David Walker, has filed a complaint in prohibition. Campbell avers that this action arises from State v. Walker, Cuyahoga County Court of Common Pleas Case Nos. CR-184332 and 194750.
 {¶ 2} Respondents filed a motion to dismiss. Although this court granted Campbell's motion for an extension of time to respond to the motion to dismiss, he did not file a response.
 {¶ 3} Respondents are current and former judges of the court of common pleas whom Campbell avers are or have been assigned to hear Case Nos. CR-184332 and 194750. In their motion to dismiss, respondents correctly observe that the complaint "contains a number of disjointed, nonsensical, rambling, and undecipherable phrases that do not present this Court with a justiciable issue in prohibition." Lack of clarity in the pleading is a sufficient ground for denial of an original action. SeeState ex rel. Drake v. Sutula (Apr. 29, 1999), Cuyahoga App. No. 75999, at 6-7.
 {¶ 4} Regardless, construing Campbell's complaint in the light most favorable to him, we conclude that Campbell is requesting that this court "prohibit further adult jurisdiction" because juvenile court did not conduct a bindover hearing before the commencement of "adult jurisdiction" in Case Nos. CR-184332 and 194750.
 {¶ 5} The criteria for the issuance of a writ of prohibition are well-established.
 {¶ 6} "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists.State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335, 336,686 N.E.2d 267, 268." State ex rel. Wright v. Ohio Bur. of MotorVehicles, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 7} In Wright, supra, the supreme court affirmed this court's judgment in State ex rel. Wright v. Registrar, Bur. of Motor Vehicles
(Apr. 29, 1999), Cuyahoga App. No. 76044.
 {¶ 8} "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel.East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179;Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992),81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm.
(1990), 55 Ohio St.3d 98." Case No. 76044 at 3, 5.
 {¶ 9} Campbell has not demonstrated either that the court of common pleas was patently and unambiguously without jurisdiction or that he lacked an adequate remedy at law. Compare State v. Fryerson (Feb. 10, 2000), Cuyahoga App. No. 71683 (direct appeal challenging convictions because Fryerson was not bound over). That is, Campbell's remedy was by way of direct appeal to challenge the propriety of his having been convicted in the court of common pleas. As a consequence, relief in prohibition would not be appropriate.
 {¶ 10} "We further find that relator failed to comply with R.C.2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board (1998),82 Ohio St.3d 421, 696 N.E.2d 594; State ex rel. Alford v. Winters
(1997), 80 Ohio St.3d 285, 685 N.E.2d 1242.
 {¶ 11} "Relator also failed to comply with Loc.App.R. 45(B)(1)(a) which requires that complaints in original actions be supported by an affidavit from the plaintiff or relator specifying the details of the claim." State ex rel. Law v. Friedman, Cuyahoga App. No. 81766, 2002-Ohio-6218, at ¶ 5-6.
 {¶ 12} "Relator also failed to include the address of the parties in the caption of the complaint as required by Civil Rule 10(A). This may also be grounds for dismissing the action. State ex rel. Sherrills v.State (2001), 91 Ohio St.3d 133, 742 N.E.2d 651. State ex rel. Hall v.Calabrese (Aug. 16, 2001), Cuyahoga App. No. 79810, unreported, at 2."Stewart v. Corrigan (Apr. 11, 2002), Cuyahoga App. No. 80639 at 4.
 {¶ 13} As a consequence, we grant respondents' motion to dismiss. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
Writ dismissed.
KENNETH A. ROCCO, P.J., and JAMES D. SWEENEY, J., CONCUR.