JOURNAL ENTRY AND OPINION.
{¶ 1} In State v. McGrath, Cuyahoga County Court of Common Pleas Case No. CR-388833, relator McGrath was convicted of: retaliation; aggravated trespassing; two counts of breaking and entering; falsification; and menacing by stalking. This court affirmed that judgment in State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896. The Supreme Court of Ohio dismissed McGrath's pro se appeal to that court for the reason that no substantial constitutional question existed and overruled his motion for leave to appeal. State v. McGrath (2002),94 Ohio St.3d 1432 [Supreme Court of Ohio Case No. 01-1933]. This court denied McGrath's application for reopening in State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896, reopening disallowed, 2003-Ohio-2386, Motion No. 34168.
 {¶ 2} In this original action, McGrath avers that respondent Adult Parole Authority ("APA") placed him under post-release control after his release from prison. See R.C. 2967.28. McGrath complains that the APA lacks authority to impose post-release control because "[p]ost-release control was not part of his sentence." State v. McGrath (Sept. 6, 2001), Cuyahoga App. No. 77896, at 8. As a consequence, McGrath requests relief in mandamus and prohibition to prevent the APA from continuing to impose post-release control on him.
 {¶ 3} APA has filed a motion to dismiss and argues that McGrath has failed to meet the criteria of both mandamus and prohibition. The criteria for the issuance of a writ of prohibition are well-established.
"In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. State exrel. White v. Junkin (1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268."
State ex rel. Wright v. Ohio Bur. of Motor Vehicles, 87 Ohio St.3d 184,185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 4} In Pratts v. Ohio Adult Parole Auth., Cuyahoga App. No. 79897, 2001-Ohio-4163, the relator requested relief in prohibition to prevent the APA from imposing post-release control.
"In the case sub judice, the relator has failed to establish each prong of the aforesaid three-part test. Initially, the respondent is not a court or officer that is about to exercise judicial power. In addition, the respondent is authorized by R.C. 2967.28(C) to impose a post-release control upon the relator once he is released from prison. Finally, the relator possesses an adequate remedy at law since the issue of whether the relator was properly sentenced and subject to post-release control can and must be addressed through a direct appeal to this court. SeeState v. Hart, (May 31, 2001), Cuyahoga App. Case No. 78170, unreported;State v. Williams, (Dec. 7, 2000), Cuyahoga App. No. 76816, unreported;State v. Dillon, (Nov. 30, 2000), Cuyahoga App. No. 77847, unreported;State v. Wright, (Sept. 28, 2000), Cuyahoga App. No. 77748, unreported. See, also, Woods v. Telb (2000), 89 Ohio St.3d 504, 733 N.E.2d 1103."
Id. at 2-3. In light of Pratts, therefore, McGrath's complaint fails to state a claim in prohibition.
 {¶ 5} The fundamental criteria for issuing a writ of mandamus are also well-established:
"In order to be entitled to a writ of mandamus, relator must show (1) that he has a clear legal right to the relief prayed for, (2) that respondents are under a clear legal duty to perform the acts, and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State, ex rel. National City Bank v. Bd. of Education (1977),52 Ohio St.2d 81, 369 N.E.2d 1200."
State ex rel. Harris v. Rhodes (1978), 54 Ohio St.2d 41, 42,374 N.E.2d 641. Of course, all three of these requirements must be met in order for mandamus to lie. At the very least, Pratts, supra, demonstrates that an appeal is an adequate remedy at law which is sufficient to prevent relief in mandamus.
"Mandamus is not a substitute for appeal. State ex rel. Keenan v.Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119; State ex rel.Daggett v. Gessaman (1973), 34 Ohio St.2d 55, 295 N.E.2d 659; and Stateex rel. Pressley v. Industrial Commission of Ohio (1967),11 Ohio St.2d 141, 228 N.E.2d 631, Paragraph Three of the Syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. State ex rel. Tran v.McGrath (1997), 78 Ohio St.3d 45, 676 N.E.2d 108 and State ex rel.Boardwalk Shopping Center, Inc. v. Court of Appeals for Cuyahoga County
(1990), 56 Ohio St.3d 33, 564 N.E.2d 86."
State ex rel. Perotti v. McMonagle (Jan. 18, 2001), Cuyahoga App. No. 78816, at 3. As noted above, McGrath has already prosecuted his direct appeal. Mandamus is not, therefore, appropriate.
 {¶ 6} McGrath's complaint is also defective.
"* * * Additionally, relator `did not file an R.C. 2969.25(A) affidavit describing each civil action or appeal of a civil action he had filed in the previous five years in any state or federal court and also did not file an R.C. 2969.25(C) certified statement by his prison cashier setting forth the balance in his private account for each of the preceding six months.' State ex rel. Hunter v. Cuyahoga Cty. Court ofCommon Pleas (2000), 88 Ohio St.3d 176, 177, 724 N.E.2d 420, 421. As a consequence, we deny relator's claim of indigency and order him to pay costs. Id. at 420."
State ex rel. Bristow v. Sidoti (Dec. 1, 2000), Cuyahoga App. No. 78708, at 3-4. Likewise, in this action, McGrath has failed to support his complaint with the affidavit required by R.C. 2969.25(A), we deny his claim of indigency and order him to pay costs. Additionally, "[t]he failure to comply with R.C. 2969.25 warrants dismissal of the complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Board
(1998), 82 Ohio St.3d 421, 696 N.E.2d 594 and State ex rel. Alford v.Winters (1997), 80 Ohio St.3d 285, 685 N.E.2d 1242." State ex rel. Hitev. State, Cuyahoga App. No. 79734, 2002-Ohio-807, at 6.
 {¶ 7} Accordingly, respondent's motion to dismiss is granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
 Writ dismissed. KENNETH A. ROCCO, A.J. concurs.
JAMES J. SWEENEY, J., concurs in judgment only (See attachedconcurring opinion).