JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} In In re: G. S., Cuyahoga County Juvenile Court Case No. DL 01105023 — which is assigned to respondent judge — the juvenile court adjudicated relator, G. S., to be a delinquent because he "committed an act, which if committed by an adult would constitute a felony of the first degree, Voluntary Manslaughter, R.C. § 2903.03, with a 3-year firearm specification." May 13, 2008 Journal Entry in Case No. DL 01105023, at 1. Juvenile court committed G. S. to the custody of the Ohio Department of Youth Services ("ODYS") for a minimum of six years and a maximum period not to exceed his attaining age 21.
 {¶ 2} G. S. avers that, after the minimum six-year period had passed, ODYS notified respondent that ODYS intended to release G. S. under parole supervision. R.C. 5139.51 authorizes the court which committed the child to "submit to the release authority written comments regarding, or written objections to, the supervised release or discharge of that child." R.C. 5139.51(A). A "Courtroom Note" appearing on the case appearance docket in Case No. DL 01105023 and dated March 31, 2008, provides, in part: "Court registers its Objection to child's release from ODYS. CHILD TO REMAIN AT ODYS PENDING RESOLUTION OF LEGAL DISCREPANCIES. MATTER CONTD FOR ATTORNEY CONFERENCE." (Capitalization in original.)
 {¶ 3} G. S. avers that respondent has exceeded her authority by entering the court note. As a consequence, he requests that this court: issue a writ of mandamus *Page 4 
compelling respondent to vacate the court note requiring that he remain in ODYS custody and directing respondent to enter his supervised release plan on the journal in Case No. DL 01105023. He also requests that this court issue a writ of prohibition preventing respondent from issuing an order which would interfere with relator's release by ODYS.
 {¶ 4} Respondent has filed a motion for summary judgment. Attached to respondent's motion is a Journal Entry issued by respondent in Case No. DL 01105023 and received for filing on May 13, 2008. In the May 13 Journal Entry, respondent: commented on and objected to the supervised release of G. S. [Cf. R.C. 5139.51(A)]; notified ODYS that the juvenile court would not be journalizing the proposed Unified Case Plan [Cf. R.C.5139.51(B)]; and withdrew its statement in the Courtroom Note of March 31, 2008 that G. S. was to remain at ODYS. Respondent argues that relief in prohibition is inappropriate because she has merely entered her comments and objections into the May 13 Journal Entry, as authorized by R.C. 5139.51(A). Similarly, she observes that R.C. 5139.51(B) authorizes the juvenile court, inter alia, to decide that it will not enter a supervised release plan in its journal. As a consequence, respondent argues that the relief in mandamus requested by relator is not appropriate. G. S. has not responded to respondent's motion for summary judgment.
 {¶ 5} We find the motion for summary judgment to be well-taken. Respondent has discretion under R.C. 5139.51(B) to respond to a supervised *Page 5 
release plan in any of several ways. "The writ of mandamus may require an inferior tribunal to exercise its judgment, or proceed to the discharge of any of its functions, but it cannot control judicial discretion." R.C. 2731.03. In the May 13, 2008 entry, respondent exercised her discretion and notified ODYS that the juvenile court would not be journalizing the proposed Unified Case Plan. Relief in mandamus is not, therefore, appropriate in this case.
 {¶ 6} Likewise, prohibition is not appropriate. In the May 13, 2008 Journal Entry, respondent set forth her comments on and objected to the supervised release of G. S. as authorized by R.C. 5139.51(A). Additionally, relator's concern regarding the "courtroom note" requiring to remain in the custody of ODYS is eliminated by respondent's having withdrawn that statement. See the May 13, 2008 Journal Entry, at 3. We cannot conclude, therefore, that respondent's exercise of judicial power is "unauthorized by law." State ex rel. Wright v. Ohio Bur of MotorVehicles, 87 Ohio St.3d 184, 185, 1999-Ohio-1041, 718 N.E.2d 908.
 {¶ 7} Accordingly, we grant respondent's motion for summary judgment. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B). Relator to pay costs.
 Writ denied. *Page 6 
 MELODY J. STEWART, J., and FRANK D. CELEBREZZE, JR., J. CONCUR *Page 1